MERCHANT *et al.* v. TAMA COUNTY *et al.*

County: BOARD OF SUPERVISORS: ERECTION OF PUBLIC BUILDINGS. Under subdivision 23 of section 312 of the Revision, as amended by chapter 87, Laws of 1866, the board of supervisors may order the erection of a public building, the cost of which does not exceed $5,000, and may, also, order the purchase of grounds on which to erect the same, the cost of which does not exceed $2,000. The cost of the building and grounds are not to be estimated together.

*Appeal from Tama District Court.*

FRIDAY, JULY 28.

SUIT in equity to enjoin the board of supervisors from further proceeding in the purchase of certain real estate and the erection thereon of a jail building, for the reason that the cost of the same together was exceeding $5,000, and no vote of the people had been taken therefor. A temporary injunction was allowed. Upon the trial, it was shown by testimony that, without a vote of the people, the board of supervisors had purchased a jail lot at $400, and had contracted for the construction of a jail which would cost $5,000, and had levied a jail tax of one and one-half mills on the dollar of taxable property, which would yield between $5,000 and $6,000. The district court adjudged that the defendants be perpetually enjoined from directly or indirectly adopting plans and specifications, or in any manner commencing or ordering the erection of a jail, the probable cost of which, when completed, *including the sum paid for the lots* on which to erect the same, will exceed the sum of $5,000. The defendants appeal.

*Stivers & Safely* for the appellants.

*F. J. M. Wouser* and *Hibbard & Mills* for the appellees.

Cole, J. — The counsel for the respective parties agree, that the single question involved in this case is, whether, under our statutes, the board of supervisors is authorized to buy real estate on which to erect a jail, and erect a jail thereon when the *cost of both* will exceed $5,000 ? Our statutes on the subject are as follows: Rev., § 312, sub. 23 : " That it shall not be competent for said board of supervisors to order the erection of a court-house, jail, poor-house or other building or bridge, nor the purchase of real estate for county purposes where the probable cost will exceed $2,000, until a proposition therefor shall have been first submitted to the legal voters of the county, and voted for by a majority of all voting for and against such proposition, at a general election; * * * ." This subdivision was amended by chapter 87 of Laws of 1866, page 80, as follows: "Section 2, subdivision 23 of section 312 is hereby amended by striking out the words "two thousand dollars " and inserting in place thereof the words " five thousand dollars," provided that this act shall not authorize the purchase of real estate exceeding $2,000 in value, without the previous approbation of the legal voters of the county, as provided in the provision hereby amended."

The effect of this amendment is to extend the power of the board of supervisors so that they can " order the erec tion of a court-house, jail, poor-house or other building o bridge when the probable cost will not exceed *five* thor - sand dollars; " but they cannot " order the purchase of real estate for county purposes when the cost will exceed *two* thousand dollars." In other words, the amendment does not extend their power as to the purchase of real estate for county purposes ; but it does extend it to $5,000 in ordering the erection of the buildings and bridges. Now, as it would be competent beyond question for the board of supervisors to order the erection of a court-house that would cost $5,000, and at the same time order the erection of a bridge costing the same amount, so it was

competent for the board of supervisors in this case to purchase real estate for county purposes at a cost not exceeding $2,000, and at the same time order the erection of a jail, the probable cost of which would not exceed $5,000. They might, therefore, properly order the purchase of real estate and the "erection of a jail thereon, the probable cost of which when completed, *including the sum paid for the lots*, exceeded the sum of $5,000," and the injunction should have been dissolved and the petition dismissed.                                              Reversed.